JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1508 PA (JEMx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Efren Rodriguez Cortez, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   IN CHAMBERS - NOTICE OF REMOVAL

    Before the Court is a Notice of Removal filed by defendants Efren Rodriguez Cortez and Alicia Rodriguez ("Defendants") on October 4, 2010.  (Docket No. 1.)  Plaintiff Aurora Loan Services LLC's ("Plaintiff") Complaint, filed in San Bernardino County Superior Court, asserts a single cause of action for unlawful detainer.  Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The "burden of establishing federal subject matter jurisdiction is on the party seeking removal."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

    This is the third time that Defendants have filed a Notice of Removal for the same complaint.  Defendants' first Notice of Removal was filed on June 29, 2010, and was assigned case number ED CV 10-958 PA (OPx).  The Court remanded that case sua sponte on July 8, 2010, because neither the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 10-1508 PA (JEMx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Efren Rodriguez Cortez, et al. | | |

complaint nor the Notice of Removal provided adequate support for Defendants' contentions regarding the existence of either diversity or federal question jurisdiction. On August 20, 2010, Defendants filed another Notice of Removal in an apparent attempt to cure the defect in the first Notice of Removal by alleging that Plaintiff's claim for unlawful detainer was "brought under" a number of different federal statutes, including the Federal Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act. The Court remanded that action, ED CV 10-1249 PA (JEMx), sua sponte on August 20, 2010, because Defendants' attempt at a successive removal was not warranted, given the lack of any substantial change in the nature of the case. Most recently, Defendants filed another Notice of Removal on October 4, 2010, in an attempt to remove the same case. The current Notice of Removal differs from the previous Notice of Removal only insofar as it alleges that the Fair Credit Reporting Act constitutes an additional basis for federal jurisdiction.

A successive removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a successive attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a third removal. The current Notice of Removal merely contains additional, conclusory allegations that Plaintiff's claim for unlawful detainer was "brought under" various federal statutes, including the Fair Credit Reporting Act. These allegations are insufficient. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since it was last in this Court.

As explained in the Court's previous July 8, 2010 order, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Thus, even if Defendants intend to raise federal law as a defense to Plaintiff's claim for unlawful detainer, the adoption of such a defense does not provide grounds for this Court to exercise federal question jurisdiction. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court . . . ."). The complaint in this action only states a single claim for unlawful detainer. Such a claim is governed by state law. See Cal. Civ. Code § 1161a. Thus, even assuming that Defendants intend to raise federal law as a defense to this claim, there is no basis for federal question jurisdiction.

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1508 PA (JEMx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | Aurora Loan Services LLC v. Efren Rodriguez Cortez, et al. | | |

    Defendants have now impermissibly attempted to remove this action three times on the same grounds.  Such successive removals are improper and unjustified.  Any further attempts to remove this action on the same grounds, absent a substantial change in the nature of the case, may subject Defendants to the imposition of sanctions.

    The Court hereby remands this action to San Bernardino County Superior Court, Case No. UDFS100991.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.